UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>KARL E. HAHN,<br><br>    Claimant,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br><br>    Respondent. | Civil Action No. 11-cv-11378 |

**ANSWER OF DEUTSCHE BANK SECURITIES, INC. TO**
**COUNTERCLAIM OF KARL E. HAHN**

Respondent Deutsche Bank Securities, Inc. ("DBSI"), for its Answer to Claimant Karl E. Hahn's ("Hahn") Counterclaim, responds as follows.

**PRELIMINARY STATEMENT**

DBSI brought this court proceeding pursuant to 9 U.S.C. § 9 to confirm the arbitration award in the matter of the arbitration between Hahn and DBSI before FINRA Dispute Resolution, Case No. 09-04735. In that proceeding, by its award (the "Award"), the panel dismissed claimant Hahn's claims, found claimant Hahn liable to DBSI in the amount of $2,555,020.58, and denied all other forms of relief. The date of service of the Award was June 29, 2011.

Under 9 U.S.C. § 9, a "court must grant such an order [confirming the award] unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of [Title 9]." Under 9 U.S.C. § 12, a notice of motion to vacate, modify or correct and award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." This time

period is not tolled by the pendency of a proceeding to confirm the award. *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010 (E.D. Cal. 2008). Despite this requirement, Hahn did not file his counterclaim within the 90-day window established by 9 U.S.C. § 12.

In responding to Hahn's counterclaim below, DBSI states that it does so without prejudice to its position that this is an inappropriate forum to assert a "counterclaim" and that, in any event, the assertion is no basis for delaying or denying this petition to confirm the Award. Subject to that reservation, DBSI responds as follows:

1. DBSI denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Counterclaim.

2. DBSI admits the allegations in paragraph 2 of the Counterclaim.

3. DBSI admits that Hahn received a Signing Bonus around the time of his hiring by DBSI, but denies the remaining allegations in paragraph 3 of the Counterclaim.

4. DBSI admits that it terminated Hahn on or about May 8, 2009, but denies the remaining allegations in paragraph 4 of the Counterclaim.

5. DBSI admits that Hahn was not present for the May 31, 2011 arbitration hearing, but denies the remaining allegations in paragraph 5 of the Counterclaim.

6. DBSI admits that it did not inform the Panel that it was "already holding" Hahn's funds and assets because DBSI was not, and is not, holding such funds and assets. DBSI further denies the allegations in paragraph 6 of the Counterclaim to the extent that they imply that DBSI withheld any material information from the Panel.

7. DBSI admits that Hahn *believes* that he is "now making an application for the correction of [the arbitration] ... award," but affirmatively states that the application is untimely

under 9 U.S.C. § 12 and not, in any event, based on any permissible ground for vacating or correcting the Award under 9 U.S.C. §§ 10-11.  DBSI denies the remaining allegations in paragraph 7 of the Counterclaim.

    8.    DBSI denies the allegations in paragraph 8 of the Counterclaim.

    9.    DBSI denies the allegations in paragraph 9 of the Counterclaim.

    10.    DBSI denies the allegations in paragraph 10 of the Counterclaim.

    11.    DBSI denies the allegations in paragraph 11 of the Counterclaim.

    12.    DBSI denies the allegations in paragraph 12 of the Counterclaim.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This is not a plenary action and Hahn has no right to assert a counterclaim here.

### SECOND AFFIRMATIVE DEFENSE

Hahn's counterclaim fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Hahn's counterclaim is an attempt to correct or vacate the Award, it is untimely under 9 U.S.C. § 12, and/or are barred by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Hahn's counterclaim is an attempt to vacate or correct the arbitration award, it fails to state a permissible ground under 9 U.S.C. §§ 10-11.

### FIFTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred by the doctrines of res judicata and collateral estoppel based on the matters determined in the arbitration proceeding resulting in the Award.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Hahn's counterclaim was not adjudicated or otherwise precluded by the prior arbitration proceeding, it must be resolved through mandatory arbitration, in which case the counterclaim should be stayed under 9 U.S.C. § 3.

## SEVENTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred by the doctrine of waiver in that to the extent it was not asserted in the arbitration proceeding, it has been waived.

## NINTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred by the doctrine of unclean hands in that the Panel found that Hahn was a "faithless servant" to DBSI and otherwise engaged in intentional misconduct while acting as DBSI's employee.

## TENTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred based on his fraudulent behavior under the employment agreement and towards DBSI, among others.

## TWELFTH AFFIRMATIVE DEFENSE

Hahn's counterclaim is barred because Hahn acted as a faithless servant, breached his duty of loyalty, and acted in bad faith in respect to DBSI, as stated by the Panel in the Award.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Hahn's counterclaim is barred because Hahn breached his employment agreement constituting a full material breach, from which he should be denied any recovery therefrom.

Dated: January 3, 2012

Respectfully submitted,

/s/ Amy K. Lyster
Amy K. Lyster (BBO #667263)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
Tel: (617) 338-2800
Fax: (617) 338-2880
alyster@sandw.com
*Attorney for Respondent*

*Of Counsel:*
Andrew T. Solomon
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
Tel: (212) 660-3000
Fax: (212) 660-3001
asolomon@sandw.com

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 3, 2012.

/s/ Amy K. Lyster